LLOYD F. DECKER, PLAINTIFF-RESPONDENT, v. JULES E. TEPPER, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided April 28, 1933.

For the appellant, *Braelow & Tepper*.

For the respondent, *Walter J. Bilder*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a summary judgment in the Supreme Court, entered upon the striking out of an answer.

It appears that the plaintiff-respondent brought suit against the Guarantee Finance Corporation upon a note of which it was the maker and upon which appellant and another were endorsers; the action being not only against the maker but both endorsers. Upon the trial of that action there was a nonsuit in favor of the appellant and a judgment against the maker and other endorser for $3,084.43 and costs. This judgment of nonsuit was removed to this court by appeal, and while it was pending, respondent assigned the judgment which he held against the Guarantee Finance Corporation and one Verney, the other endorser, to the West Side Trust Company of Newark to which latter company appellant gave an undertaking in writing guaranteeing the payment of such judgment.

Appellant was a stockholder and the treasurer of the Guarantee Finance Corporation and the consideration for this guarantee was that respondent should withdraw his appeal, then pending in this court, which he did.

While the West Side Trust Company of Newark held this judgment by the aforesaid assignment and likewise held this guarantee of the appellant several payments were made to it upon account of the judgment until on July 5th, 1932, there remained due thereon $2,071.50, when the trust company assigned the judgment for such balance due and the guarantee of the appellant to the respondent and he brought suit against the appellant under and upon the latter's guarantee.

To the complaint in this cause, appellant, the defendant therein filed an answer admitting the execution of the paper designated as a guarantee but denying that it was such, denying that he guaranteed the payment of the judgment in question and putting the plaintiff to proof of the judgment and its assignment as well as the assignment of the alleged guarantee by the West Side Trust Company to the plaintiff and denying that the sum of $2,071.50 remained due upon the judgment. In addition, the answer contained two separate defenses the first being that there was no consideration for the alleged guarantee but that it was a gratuitous act upon

the part of appellant, done at the request of the West Side Trust Company, and the second being that as the West Side Trust Company and respondent had released all rights as against the principal debtors, Guarantee Finance Corporation and Verney, they had likewise released the appellant from any liability on any agreement of guarantee that he might have entered into.

Notice was given of a motion to strike the answer as sham and for summary judgment.

The matter coming on before the late Chief Justice Gummere was heard by him, the second separate defense having been in open court withdrawn, he, upon considering the affidavits and arguments of counsel, made an order striking out the answer and the first separate defense and for judgment final in favor of the plaintiff in the sum of $2,306.16.

It is from this judgment that the present appeal is taken.

The grounds for reversal urged and argued are:

1. That all of the material evidence offered by the plaintiff to prove the defendant's answer sham was based on hearsay.

2. Defendant's answer offered a valid, legal, defense.

3. The procurement of the discontinuance of the appeal in the Court of Errors and Appeals could not have been a consideration for the making of the guarantee by the appellant.

4. The affidavits submitted by the defendant-appellant controvert facts set up in the affidavits submitted by the plaintiff-respondent.

5. The affidavits filed by the plaintiff-respondent did not disclose the falsity of the defendant-appellant's answer with such clarity as to warrant the court in striking out the answer as sham.

We conclude that no discussion of these grounds is necessary or called for.

It is enough to say that an examination of the proofs makes certain the absolute correctness of the action taken by the Chief Justice and demands an affirmance of the judgment under review without further comment.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.